WILLIAM F. CARROLL *v.* FREDERICK GOSLIN.

Although a judgment rendered, by default, upon the return of a constable that the process was duly served, cannot be impeached collaterally, by showing that the return was false; yet this court, on appeal from the Marine or a Justice's Court, in an application, under § 366 of the Code, by a defendant who has failed to appear in the court below, will inquire into the service of the process, and if satisfied that it was not served at all, or so improperly or defectively that the defendant was not duly apprised of its nature or effect, the defendant may be relieved.

THIS was an application, under § 366 of the Code, founded

Carroll *v*. Goslin.

upon the return of a justice of the Marine Court, and upon affidavits, for relief from a judgment entered by default. The defendant sought to excuse his failure to appear before the justice, on the ground that the process, if served at all, had not been served properly, nor in a manner calculated to apprise him of the intention to sue. The circumstances attending the alleged service appear in the opinion.

*Hiram Hunt*, for the appellant.

*John H. McCunn*, for the respondent.

By the Court.   Daly, J.—The return of the constable gives the court jurisdiction; and where the court, having thus acquired jurisdiction, proceeds and renders judgment, the judgment cannot be impeached collaterally, by showing that the return was false.   The remedy of the defendant is an action against the constable for a false return.   Thus, in an action for false imprisonment, for arresting the defendant upon a *ca. sa.* founded upon the judgment, or in an action for levying upon the defendant's property, under an execution issued upon the judgment, the plaintiff would not be permitted to show that he had never been served with process in the original action, or that it had not been properly served.

No such question, however, arises here.   This is an application to open the judgment, and not a collateral proceeding, and the court will inquire into any facts and circumstances which go to excuse the defendant's default; and if it appear that he was misled, or not sufficiently advised of what was required of him by the summons, from the improper or defective manner in which it was served, the court would hold the default sufficiently excused.   Such appears to be the fact here.   The defendant and his attorney swear that the officer merely held up a piece of paper, saying, here is a paper for you in the Marine Court, and then went away. The plaintiff swears that the defendant examined the summons; but a witness, who was also present, says nothing

about the defendant's examining the summons, but states, generally, that he saw the constable serve it—how, or in what manner, he does not state—and that the defendant called his lawyer to tell him about it; to which latter fact both the defendant and the lawyer testify. If the summons had been read to the defendant, or he had taken it and examined it, as stated by the plaintiff, it would have been an easy matter to get an affidavit to that effect from the constable, who, of all others, was the most competent to speak as to the manner of service. The absence of any affidavit of the officer, or of any thing accounting for its non-production, is a fact that the court will not overlook under the circumstances, and warrants a strong suspicion that there was some defect in the service. As the evidence stands, it is difficult to excuse the default.

Upon the merits, the testimony is conflicting; but enough appears to show that there is some ground of defence, or at least sufficient to satisfy the court that the ends of justice would be promoted by opening the judgment.

Judgment suspended, and new trial ordered.